Pfeifer, J.,
dissenting.
{¶ 21} Judges in smaller counties encounter problems that those in larger counties are able to address rather easily. When a judge in a large county has an irreconcilable conflict with an attorney, that attorney’s cases can be assigned to *447 another judge. In smaller counties, especially those like Gallia County that have only one judge in the general division of the court, that simple resolution is not possible.
Eugene P. Whetzel; Nolan, Sprowl & Smith and Edward M. Smith; and Jason M. Dolin, for relator.
{¶ 22} Judge David Evans, upon concluding that he and attorney Robert Bright had an untenable working relationship, filed entries removing Bright from all cases in which Bright had been appointed as counsel. In my opinion, that was a reasonable reaction to the problem that he confronted. It was better than having visiting judges assigned to a host of routine cases, better than having an antagonistic relationship between a judge and a public defender. Better still would have been an amicable reconciliation; but the record suggests that that was not possible.
{¶ 23} In the circumstances before us, it is more sensible for the attorney to give way than the judge. Judge Evans was elected by the people of Gallia County to serve as their sole judge; however highly skilled, attorney Bright is an at-will employee. Surely, when an irreconcilable conflict prevents them from working on cases, the elected judge should supersede the at-will employee.
{¶ 24} This case is not like the cases to which this court compares it. In Disciplinary Counsel v. Gaul, 127 Ohio St.3d 16, 2010-Ohio-4831, 936 N.E.2d 28, the judge made prejudicial and unnecessary comments against a defendant and informed the media that he was going to issue an Amber Alert for a missing witness when he knew that he probably did not have the authority to issue that alert. In Disciplinary Counsel v. Elum, 133 Ohio St.3d 500, 2012-Ohio-4700, 979 N.E.2d 289, the judge treated litigants discourteously and unnecessarily involved himself in an administrative investigation into a police officer’s conduct. In Disciplinary Counsel v. McCormack, 133 Ohio St.3d 192, 2012-Ohio-4309, 977 N.E.2d 598, the magistrate terminated hearings before all the evidence was presented and failed to timely resolve the matter before him. In Disciplinary Counsel v. Campbell, 126 Ohio St.3d 150, 2010-Ohio-3265, 931 N.E.2d 558, the judge failed to appoint counsel for an indigent defendant, used his position as a judge to obtain access to a prosecutor’s file, and improperly placed a defendant in a holding cell. Judge Evans did none of these things. He merely concluded that he and attorney Bright could not work together and then took steps to ensure that that fact didn’t result in his appearing to handle cases with prejudice.
{¶ 25} The parties submitted a consent-to-discipline agreement that recommended that Judge Evans be publicly reprimanded. That is an appropriate sanction. Because this court issues a suspension, I dissent.
*448 Montgomery, Rennie & Jonson, George D. Jonson, and Lisa M. Zaring, for respondent.